**Robert W. Sadowski**
**SADOWSKI KATZ LLP**
11 Broadway, Suite 615
New York, New York  10006
Tel. No.: (646) 503-5348

*Attorneys for Intervenors Sadowski Fischer PLLC, Sadowski Katz LLP, Thomas & Associates, Durrell Law Office and Gage Spencer & Fleming LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **STEVEN R. PEIKIN, M.D.***, et al.*<br><br>                              **Plaintiffs,**<br><br>                              v.<br><br>**SALIX PHARMACEUTICALS, INC.,**<br><br>                              **Defendant.** | **12 Civ. 3870 (DLC)** |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **RASVINDER DHALIWAL,**<br><br>                              **Plaintiffs,**<br><br>                              v.<br><br>**SALIX PHARMACEUTICALS, LTD.,**<br><br>                              **Defendant.** | **15 Civ. 706 (DLC)** |

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              **Plaintiff-Intervenor,**<br><br>                              v.<br><br>**SALIX PHARMACEUTICALS, INC.,**<br><br>                              **Defendant.** | **12 Civ. 3870 (DLC)**<br><br>**15 Civ. 706 (DLC)** |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Intervenor,** | **12 Civ. 3870 (DLC)** |
| **SADOWSKI FISCHER PLLC,** **SADOWSKI KATZ LLP,** **DURRELL LAW OFFICES,** **THOMAS AND ASSOCIATES,** **GAGE SPENCER & FLEMING LLP,** | **15 Civ. 706 (DLC)** |
| **Intervenors,** | |
| **v.** | |
| **SALIX PHARMACEUTICALS, INC.,** | |
| **Defendant,** | |
| **RASVINDER DHALIWAL,** | |
| **Intervenor-Defendant.** | |

**MOTION FOR LEAVE TO INTERVENE TO FILE COMPLAINT TO ENFORCE CHARGING LIEN FOR CONTINGENCY FEES DUE FROM RELATOR RASVINDER DHALIWAL AND TO SEEK STATUTORY ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO 31 U.S.C. § 3730 (d)**

# TABLE OF CONTENTS

**Preliminary Statement**..................................................................................................................2

      **BACKGROUND** ............................................................................................................3

I.    **INTERVENTION IS NECESSARY TO ASSERT INTERVENORS' RIGHTS** ......................3

    A.   The Standard for Intervention as of Right..................................................................3

    B.   Intervenors Meet the Standard for Intervention as of Right. ............................................3

        1.   *Intervenors Have Filed Their Motion to Intervene Timely* .............................................3

        2.   *Intervenors Have an Interest in the Property or Transaction that Is the Subject of this Action* ................................................................................................................4

        3.   *Disposing of this Action Will Impair and Impede Intervenor's Ability* .........................5

        4.   *Intervenors' Interest Will Not be Represented in this Action (and Will likely be Subverted) Absent Intervention* ..........................................................6

II.   **THE FALSE CLAIMS ACT PROVIDES FOR DEFENDANT TO PAY REASONABLE ATTORNEYS' FEES AND COSTS** ................................................................................................7

    A.   The Public Private Partnership ...............................................................................7

    B.   Prevailing *Qui Tam* Relator's Counsel Are Entitled to Receive Their Fees and Costs from Defendant .......................................................................................................9

    C.   Relator's Attorneys' Hourly Rates Are Reasonable....................................................9

    D.   Counsel's Hours Expended Are Reasonable ..............................................................11

    E.   Intervenors Are Entitled To Recover Their Costs.........................................................12

    F.   Intervenors Are Entitled to Recover Attorney's Fees for Preparation and Litigation of the Attorney's Fee Issue......................................................................12

**Conclusion** ..................................................................................................................12

# TABLE OF AUTHORITIES

*Aller v. New York Bd. of Elections,*
586 F. Supp. 603 (S.D.N.Y. 1984) ...................................................................................12

*Arbor Hill Concerned Citizens v. County of Albany,*
493 F.3d 110 (2d Cir. 2007) ........................................................................................ 9, 10

*City of Riverside v. Rivera*,
477 U.S. 561 (1986) ..........................................................................................................9

*Cooper v. Coregis, Ins. Org.,*
125 F.3d 843 (2d Cir. 1997) ..................................................................................... 4, 6, 7

*Eastern Potato Dealers, Inc. v. Dibble & Miller P.C.,*
363 F. App'x 819 (2d Cir. 2010) ......................................................................................4

*Farmland Dairies v. Commissioner of the New York State Dep't of Agric. & Mkts.,*
847 F.2d 1038 (2d Cir. 1988) ...........................................................................................4

*Gaines v. Dixie Carriers, Inc.,*
434 F.2d 52 (5th Cir. 1970) ..............................................................................................4

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ........................................................................................................11

*Horrigan v. Thompson*,
145 F.3d 1331 (6th Cir. 1998) ..........................................................................................6

Gagne v. Katz Maher,
594 F.2d 336 (2d Cir.1979) ............................................................................................12

*In re Holocaust Victim Assets Litig.*,
225 F.3d 191 (2d Cir. 2000) .............................................................................................3

*Johnson v. Georgia Hway. Express, Inc.*
488 F.2d 714 (5th Cir. 1974) .................................................................................... 9, 10

*Keith v. St George Packing Co., Inc.,*
806 F.2d 525 (5th Cir. 1986) ............................................................................................5

*N.Y.S. Ass'n for Retarded Children, Inc. v. Cary,*
711 F.2d 1136 (2d Cir. 1983) .........................................................................................11

*Spencer v. City of New York,*
06 Civ. 2852 (KMW) (S.D.N.Y. 2013) ........................................................................................ 9, 10

*Themis Capital v. Democratic Republic of Congo*,
No. 09cv1652 (PAE), 2014 WL 4379100 at *7 (S.D.N.Y. Sept. 4 2014) .................................... 11

*Trbovich v. United Mine Workers of America*,
404 U.S. 528 (1972) .......................................................................................................................... 6

*United States v. Pitney Bowes, Inc.,*
25 F.3d 66 (2d Cir. 1994) ............................................................................................................... 3, 4

*United States et al., ex rel. Fox RX, Inc., v. Omnicare, Inc.,*
2015 WL 17626474 (S.D.N.Y. April 15, 2015) ............................................................................. 11

*U.S. v. Am Telephone & Telegraph Co.,*
642 F.2d 1285 (D.C. Cir. 1980) ......................................................................................................... 7

*Williamsburg Fair Housing Comm. v. Ross-Rodney Housing Corp.,*
599 F. Supp. 509 (S.D.N.Y.1984) .................................................................................................... 12

**Statutes**

31 U.S.C. § 3730(d) ...................................................................................................................... 7, 12

31 U.S.C. § 3730(d)(1)(2) ................................................................................................................... 9

Fed. R. Civ. P. 24(a) ............................................................................................................... 2, 3, 4, 5

Fed. R. Civ. P. 54 ................................................................................................................................ 4

**Robert W. Sadowski**
**SADOWSKI KATZ LLP**
**11 Broadway, Suite 615**
**New York, New York 10006**
**Tel. No.: (646) 503-5348**

*Attorneys for Intervenors Sadowski Fischer PLLC, Sadowski Katz LLP, Thomas & Associates, Durrell Law Office and Gage Spencer & Fleming LLP*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **STEVEN R. PEIKIN, M.D.,** *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**SALIX PHARMACEUTICALS, INC.,**<br><br>Defendant. | **12 Civ. 3870 (DLC)** |
| **UNITED STATES OF AMERICA,** *ex rel.* **RASVINDER SHALIWAL,**<br><br>Plaintiffs,<br><br>v.<br><br>**SALIX PHARMACEUTICALS, LTD.,**<br><br>Defendant. | **15 Civ. 706 (DLC)** |
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**SALIX PHARMACEUTICALS, INC.,**<br><br>Defendant. | **12 Civ. 3870 (DLC)**<br><br>**15 Civ. 706 (DLC)** |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Intervenor,<br><br>SADOWSKI FISCHER PLLC,<br>SADOWSKI KATZ LLP,<br>DURRELL LAW OFFICES,<br>THOMAS AND ASSOCIATES,<br>GAGE SPENCER & FLEMING LLP<br><br>                Intervenors,<br>                    v.<br><br>SALIX PHARMACEUTICALS, INC.,<br><br>                Defendant,<br><br>RASVINDER DHALIWAL,<br><br>                Intervenor-Defendant. | 12 Civ. 3870 (DLC)<br><br>15 Civ. 706 (DLC) |

**MOTION FOR LEAVE TO INTERVENE TO FILE COMPLAINT TO ENFORCE CHARGING LIEN FOR CONTINGENCY FEES DUE FROM RELATOR RASVINDER DHALIWAL AND TO SEEK STATUTORY ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO 31 U.S.C. § 3730 (d)**

Preliminary Statement

      Sadowski Katz LLP ("SK") on behalf of itself and Sadowski Fischer PLLC ("SF"), Gage Spencer & Fleming LLP ("GSF"), Durrell Law Office ("Durrell") and Thomas & Associates ("Thomas") ("collectively Intervenors") moves to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. Intervention should be granted in order to allow Intervenors to protect their attorneys' fees interest and charging lien in connection with the settlement with defendant Salix Pharmaceuticals, Inc. ("Salix").

      Intervenors are entitled to intervene as of right under Fed. R. Civ. P. 24(a) because their motion is timely filed; they have an interest in the property or transaction which is the subject of

2

the action; the interests of Intervenors may be impaired or impeded by disposition of the suit; and Intervenor's interest will not be adequately represented by other parties.

## BACKGROUND

The relevant facts are set forth in the Declaration of Robert W. Sadowski dated June 22, 2016, and the accompanying exhibits.

## I. INTERVENTION IS NECESSARY TO ASSERT INTERVENORS' RIGHTS

### A. The Standard for Intervention as of Right

Intervenors are entitled as of right to intervene because they meet all the requirements under Fed. R. Civ. P. 24(a), which states, in relevant part:

> (a) Intervention of Right.  On a timely motion, the court must permit anyone to intervene who:
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability.

Courts have interpreted rule 24(a)(2) to require that the applicant (i) file a timely motion; (ii) show an interest in the litigation; (iii) show that its interest may be impaired by the disposition of the action; and (iv) show that its interest is not adequately protected by the parties to the action." *In re Holocaust Victim Assets Litig.,* 225 F.3d 191, 197 (2d Cir. 2000).  Because Intervenors meet all four elements, their motion to intervene should be granted.

### B.  Intervenors Meet the Standard for Intervention as of Right.

#### *1.  Intervenors Have Filed Their Motion to Intervene Timely*

A district court has broad discretion in assessing the timeliness of a motion to intervene, which "defies precise definition." *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir. 1994).  The court may consider, among other things the following factors:  (1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the

3

existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention. *See id.* Generally, the court's analysis must take into consideration the totality of the circumstances. *See e.g., Farmland Dairies v. Commissioner of the New York State Dep't of Agric. & Mkts.,* 847 F.2d 1038, 1044 (2d Cir. 1988).

Courts have found motions to intervene timely where, as here, attorneys expeditiously moved to intervene in an action to protect their attorney's fee interest, and there was no prejudice to the other parties by the timing of that motion. *See Eastern Potato Dealers, Inc. v. Dibble & Miller P.C.,* 363 F. App'x 819, 821 (2d Cir. 2010) (reversing denial of attorney's motion to intervene and holding that attorney's motion was timely filed approximately three months after settlement was endorsed by court).

Here, the settlement between Salix and the Government came out from under seal on or about June 9, 2016, when the court so ordered the Stipulation and Order of Settlement and Dismissal. Under Fed. R. Civ. P. 54, attorney fee applications are to be made within 14 days of the judgment entered in the case. This application to intervene meets that criteria.

***2. Intervenors Have an Interest in the Property or Transaction that Is the Subject of this Action.***

The second requirement for intervention as of right is that the petitioner claims "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a). Court have repeatedly held that an attorney with an interest in such monies also has "an interest in the subject of the action. *Cooper v. Coregis, Ins. Org.,* 125 F.3d 843 (2d Cir. 1997) (reversing district court's denial of attorney's motion to intervene and holding that the attorney's interest in the present action lies in her entitlement to payment for her services); *Gaines v. Dixie Carriers, Inc.,* 434 F.2d 52, 54 (5th Cir. 1970) (intervention allowed where "we think it clear that

the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc."); *Keith v. St George Packing Co., Inc.,* 806 F.2d 525 (5th Cir. 1986) (Attorney, who had entered into contingent fee contract with client and was subsequently discharged by client, court held that attorney was entitled to intervene as of right in client's personal injury action in order to protect his rights under contingent fee contract with client).

New York law provides attorneys with a statutory right to assert a charging lien against a former client. In particular, Judiciary Law § 475 provides as follows:

> From the commencement of the action, special or other proceeding, in any court or before any state, municipal or federal department, except a department of labor, or the service of any answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien up on his or her client's cause of action, claim, or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The Court upon the petition of the client or attorney may determine and enforce the lien.

Intervenors represented Relator and performed valuable services for her as set forth in exhibits A, B, and C of the Sadowski Decl. The action, along with a co-relator's action resulted in a multi-million dollar settlement against Salix.

Moreover, in Intervenor's engagement with Relator, Relator assigned her interest in attorneys' fees and costs to Intervenors, and provided them a first priority security interest. *See* Sadowski Decl. Ex. E sec. 6(g)(i) & (ii).

### *3. Disposing of this Action Will Impair and Impede Intervenor's Ability*

The third element, "disposing of the action may as a practical matter impair or impede the movants' ability to protect its interest" is satisfied. Fed. R. Civ. P. 24(a). Courts have held that it would impair or impede a lawyer's ability to protect its interest if he were required to seek

5

relief from another court, especially where, as here, the court in which he is seeking intervention is most familiar with the relevant issues. *See Horrigan v. Thompson,* 145 F.3d 1331, 33 (6th Cir. 1998) (requiring an attorney to defend its interest in state court when a federal judge who has presided over this case for many years is already familiar with the relevant facts and legal issues appears, from our vantage point, to create a practical impediment to the firm's ability to protect its interests). Courts have also found there to be an impairment of a lawyer's interests where the former client has taken the position that the attorney is not entitled to any compensation. *See Cooper,* 125 F.3d at 3 ("The third requirement, *i.e.,* the possible impairment of Weiss's interest by the disposition of the case lies in the parties' ability to agree to a settlement fulfilling the reimbursement obligations of the defendant insurers without any assurance that Cooper or the Town will pay Weiss the compensation to which she is entitled for her services in this case. That possibility is strongly suggested by, *inter alia,* the fact that though Weiss had represented Cooper in this and the related litigation from the outset, Cooper dismissed Weiss as his attorney on the eve of this settlement with the Town defendants and the insurers.").

Accordingly, disposing of this matter without permitting intervention would impair Intervenors' ability to protect their interests. Indeed, we are simultaneously requesting the Court to enter a proposed order directing the United States to deposit the Relator Rasvinder Dhaliwal's *qui tam* award in the court registry pending the resolution of this matter to protect the Intervenors' contingency fee.

### *4. Intervenors' Interest Will Not be Represented in this Action (and Will likely be Subverted) Absent Intervention.*

The fourth factor, inadequacy of representation, requires that Intervenors show that their interests are not adequately represented by the existing parties. This burden is minimal and is met if Intervenors show that the representation of their interests "may" be inadequate. *Trbovich*

6

*v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972) (citing 3 B.J. Moore, Federal Practice 24.09-1(4)). Indeed the burden of persuasion is on the party opposing intervention to demonstrate representation is adequate. *U.S. v. Am Telephone & Telegraph Co.,* 642 F.2d 1285, 1293 (D.C. Cir. 1980) (citing *Smuck v. Hobson,* 408 F.2d 175, 181 (D.C. Cir. 1969)).

Here, Intervenors' interest in Relator's share of her *qui tam* award or any attendant award of attorneys' fees would certainly not be adequately represented by Relator's current counsel Mr. Gallagher, who has already requested that Intervenors' waive their contingent fee on the grounds of baseless accusations that Ms. Dhaliwal was inadequately represented by all the of Intervenors. *See Cooper,* 125 F.3d 843, 44 (2d Cir. 1997) ("The parties here demonstrated in an unusually concrete fashion their antagonism to Weiss's interest in being paid the fees to which she is entitled . . .").

## II

### THE FALSE CLAIMS ACT PROVIDES FOR DEFENDANT TO PAY REASONABLE ATTORNEYS' FEES AND COSTS

The False Claims Act provides that upon settlement of a qui tam action, whether or not the government has decided to intervene, the relator "**shall**...receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d). (*Emphasis added*). Here, the Relator has already assigned her attorneys' fees and costs to Intervenors, as well as given them a first priority security interest in attorneys' fees and costs. *See* Sadowski Decl. Ex. E sec. 6(g)(i) & (ii).

### A. The Public Private Partnership

Relator's Attorneys performed their work while the matter was under seal being investigated by the Government. Such collaboration with the Government exemplifies the

precise assistance Congress envisioned when it amended the False Claims Act in 1986.  Congress wished to encourage a public-private partnership between Governmental prosecutors and private counsel, such as occurred in the instant case, where Relator's Attorneys' assistance was inextricably intertwined with the successful result obtained in the case.[4]  As Congressman Berman, one of the 1986 FCA sponsors, recognized:

> The law we vote on today is intended to encourage a **working partnership** between both the Government and the *qui tam* plaintiff.  The public will be well served by having **more legal resources** brought to bear against those who defraud the Government…. Even the United States Government is not without financial limitations.  It is not uncommon for Government attorneys to be overworked and underpaid given the demanding tasks and frequently overwhelming caseloads they maintain.  I do not say this to impugn the ability or character of Government attorneys, but only to reflect the harsh reality of today's funding limitations of Government activities in all areas which include the budgets of the Government's prosecuting agencies.  If the Government can pass a law that will **increase the resources available to confront fraud against the Government without paying for it with taxpayer money**, we are better off.  This is precisely what this law is intended to do: **deputize ready and able people who have knowledge of the fraud** against the Government **to play an active and constructive role through their counsel** to bring to justice those … who overcharge the Government.[5]

The Senate echoed the intent:

> The proposed legislation seeks not only to provide the **Government's law enforcers** with more effective tools, but to encourage any individual knowing of Government fraud to bring that information forward.  In face of sophisticated and widespread fraud, the Committee believes only a **coordinated effort** of both the Government and its citizenry will decrease the wave of defrauding public funds.

Relator and Intervenors, Relator's Attorneys, performed exactly as Congress intended, coordinating and augmenting the Government's efforts to allow exposure of Salix's fraud, and remuneration for it.  In fact, the efforts of Intervenors in assisting the "Government's law enforcers" during the seal period contributed greatly to the Defendant's decision to settle this False Claims Act action without mounting a formal civil defense.

8

**B. Prevailing Qui Tam Relator's Counsel Are Entitled to Receive Their Fees and Costs from Defendants**

The United States Supreme Court has emphasized that "counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, '*for all time reasonably expended on a matter*.'" *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (discussing fee awards under 42 U.S.C. §1988 (*citation omitted*)(*emphasis in original*). The False Claims Act mandates payment of such fee awards. 31 U.S.C. §3730(d)(1)(2). Courts in this Circuit originally utilized the "lodestar" method for determining a reasonable attorney's fee, but abandoned such method and replaced it with the similar "presumptively reasonable fee standard." *Arbor Hill Concerned Citizens v. County of Albany*, 493 F.3d 110, 111 (2d Cir. 2007)(abandoning lodestar method for presumptively reasonable fee standard in Voting Rights Act fee-shifting analysis); *see also Spencer v. City of New York*, 06 Civ. 2852 (KMW) (S.D.N.Y. 2013)(fee claim stemming from 42 U.S.C. §1983 complaint. However, the presumptively reasonable fee standard and the lodestar method are now frequently used interchangeably and yield the same results here.

The court first calculates a reasonable hourly rate based on variables set forth below. The court then "uses that reasonable hourly rate to calculate the 'presumptively reasonable fee' by multiplying the rate by the number of hours reasonably expended." *Spencer, supra.* Once the court determines the presumptively-reasonable fee, it then evaluates the reasonableness of the fee based on traditional considerations.

**C. Relator's Attorneys' Hourly Rates Are Reasonable.**

In determining a "reasonable" hourly rate, New York courts rely on the factors set forth in *Johnson v. Georgia Hway. Express, Inc.* Thus, courts in this Circuit should look to variables such as:

9

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Spencer, supra.* applying factors set forth in *Johnson v. Georgia Hway. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The Southern District of New York should consider additional factors, including a case's complexity and difficulty, the resources necessary for effective prosecution of the case, the timing demands of the case, and an attorney's reputation, to name a few. *Spencer*, *supra.*

The False Claims Act body of law is highly complex and technical. A misstep by someone unknowing, for instance, by breaching a seal, can be the death of a *qui tam* action. Moreover, the "first to file" rule that controls standing in *qui tam* cases exerts additional pressure on Relators and their counsel to work efficiently, deliberately and swiftly to get the matter filed. Indeed, the difficulty of obtaining qualified counsel to handle these types of cases and to convince the Government to intervene justifies the market hourly rates that are awarded. *Arbor Hills*, at 119; *U.S. v. $61,900*.

Moreover, the hourly rates Intervenors seek fall within the hourly rates charged in the *qui tam* arena. *Qui tam* lawyers garner such a high rate, in part, because they take the matters on contingency, and also, because they have to wait years before they can recompense their time and costs. They further earn such right due to their high level of legal skill in this complex arena. Furthermore, because Relator's livelihood is at risk once he or she blows the whistle on fraudulent activity, Relators are willing to pay a high price for an experienced attorney who will increase their likelihood of success.

10

The recent example of appropriate hourly rates in the Southern District of New York in a *qui tam* context can be found in *United States et al., ex rel. Fox RX, Inc., v. Omnicare, Inc.*, 2015 WL 17626474, (S.D.N.Y. April 15, 2015), wherein this Court upheld partner hourly rates at $836 per hour for a partner who had practiced for over 20 years, and associate rates at $631.75 per hour for an eighth year associate and $541.50 per hour for a fourth year associate. In *Themis Capital v. Democratic Republic of Congo*, No. 09cv1652 (PAE), 2014 WL 4379100 at *7 (S.D.N.Y. Sept. 4 2014), *reconsideration denied*, No. 09cv1652 (PAC), 2014 WL 469680 (S.D.N.Y. Sept. 22, 2014), the Southern District of New York found a partner rate of $870 per hour to be reasonable.

The Intervenors' expertise and qualifications more than justify the fees they seek herein. Their fees are necessary in light of Intervenors' specific expertise in litigating these types of cases, having litigated many of these cases.

### D. Counsel's Hours Expended Are Reasonable

The fee applicant bears the burden of establishing the hours reasonably expended on the case and must submit adequate documentation of those hours. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In the Second Circuit, the fee applicant must normally submit contemporaneously prepared time records. *See, e.g., N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). Billing records in support of a fee application need not record "how each minute of time was expended," but must permit meaningful review. *Hensley,* at 437 n. 12, 103 S.Ct. 1933.

The billing records submitted herewith (Exhibits A, B, and C to the Sadowski Declaration) are contemporaneous time records that more than adequately support the instant fee petition. Relator's Counsel have been involved in this matter since its inception in

2014. Counsel has devoted hundreds of hours analyzing and fortifying the claims of the complaint, reviewing legal theories, and reviewing the evidence.

### E. Intervenors Are Entitled To Recover Their Costs.

31 U.S.C. §3730(d) entitles Relator to recover costs. The Cost Statement, attached to Exhibits A, B, and C sets forth the costs and expenses Intervenors incurred in the instant litigation. All such costs were reasonably incurred. Thus, this Court should award Intervenors their costs in their entirety.

### F. Intervenors Are Entitled to Recover Attorney's Fees for Preparation and Litigation of the Attorney's Fee Issue.

Intervenors have incurred attorneys' fees and expenses in preparing this Motion and accompanying papers. Such fees and costs are recoverable from Defendant as well. It is well settled that prevailing parties are entitled to reimbursement for the time spent by their attorneys in preparing fee applications. *Gagne v. Katz Maher*, 594 F.2d 336, 343-44 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Williamsburg Fair Housing Comm. v. Ross-Rodney Housing Corp.*, 599 F. Supp. 509, 521 (S.D.N.Y.1984); *Aller v. New York Bd. of Elections*, 586 F. Supp. 603, 608 (S.D.N.Y. 1984). In the instant case, although Intervenors attempted to resolve with Salix the attorneys' fees and cost and expenses after the case was settled, ultimately, this motion was necessitated. The time and expenses expended on this motion will be set forth in Intervenors' reply brief in this matter.

### Conclusion

Based on the foregoing, Intervenors are entitled to the attorney's fees and costs set forth in Exhibits A, B and C of the Sadowski Declaration.

WHEREFORE, for the foregoing reasons, the Court should grant Relator's Counsel's motion and such other and further relief as this Court deems appropriate.

Dated: New York, New York

June 23, 2016

                    Sadowski Katz LLP

                    s/ Robert W. Sadowski
                    Robert W. Sadowski
                    11 Broadway, Suite 615
                    New York, New York 10006
                    Tel. No.: (646) 503-5341
                    rsadowski@sadowskikatz.com

                    Attorneys for Intervenors Sadowski
                    Fischer PLLC, Sadowski Katz LLP,
                    Gage Spencer & Fleming LLP,
                    Thomas & Associates, and
                    Durrell Law Offices